**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:18-cv-22627-JEM**

LAVON GITTENS,

      Plaintiff,

vs.

GC FRIDAYS FLORIDA, LLC, and
ALFONSO FERNANDEZ,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND STATEMENT OF DEFENSES

Defendants GC FRIDAYS FLORIDA, LLC and ALFONSO FERNANDEZ ("Defendants"), hereby file and serve their Answer and Statement of Defenses to Lavon Gittens's ("Plaintiff") Complaint, as follows:

### GENERAL ALLEGATIONS

1.      Defendants admit only that Plaintiff purports to bring an action to recover money damages for alleged unpaid wages under the Fair Labor Standards Act ("FLSA"). Defendants deny the remaining allegations in Paragraph 1 and deny that Plaintiff is entitled to any relief whatsoever and deny violating any laws that support a claim for relief by Plaintiff.

2.      Defendants admit only that this Court generally has jurisdiction for actions brought under the FLSA. Except as expressly admitted, Defendants deny that Plaintiff is entitled to any relief whatsoever and deny violating any laws that support a claim for relief by Plaintiff or the invocation of this Court's jurisdiction.

3.      Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.      The allegations in Paragraph 7 of the Complaint are conclusions of law to which a response is not required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10.     Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

**COUNT I – Alleged FLSA Violation Against GC FRIDAYS FLORIDA, LLC**[1]

18.     Defendants reincorporate and reallege by reference their responses to Paragraphs 1 through 17 as if fully set forth herein.

---

[1] Plaintiff's Complaint mistakenly names "FORTUNE DIVERSIFIED INC." as the Corporate Defendant.

19.     Defendants admit only that Plaintiff purports to bring an action to recover money damages for alleged unpaid wages, costs, and attorneys' fees under the FLSA.  Defendants deny the remaining allegations in Paragraph 19 and deny that Plaintiff is entitled to any relief whatsoever and deny violating any laws that support a claim for relief by Plaintiff.

20.     The allegations in Paragraph 20 of the Complaint are conclusions of law to which a response is not required.  To the extent a response is required, Defendants only admit that GC Fridays Florida, LLC was a covered employer under FLSA at all pertinent times.  Except as expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint are conclusions of law to which a response is not required.  To the extent a response is required, Defendants only admit that GC Fridays Florida, LLC was a covered employer under FLSA at all pertinent times.  Except as expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 of the Complaint are conclusions of law to which a response is not required.  To the extent a response is required, Defendants only admit that GC Fridays Florida, LLC was a covered employer under FLSA at all pertinent times.  Except as expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants admit only that Plaintiff purports to bring an action to recover money damages for alleged unpaid wages.  Defendants deny the remaining allegations in Paragraph 23 and deny that Plaintiff is entitled to any relief whatsoever and deny violating any laws that support a claim for relief by Plaintiff.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

In response the unnumbered "WHEREFORE" clause, including subparagraphs A) through E), following Paragraph 24 of the Complaint, Defendants deny that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause from Defendants. Defendants respectfully request that this Court: (a) dismiss the instant Complaint with prejudice as to Defendants; (b) deny the demands and prayer for relief; (c) award Defendants their costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## COUNT II – Alleged FLSA Retaliation

25.     Defendants reincorporate and reallege by reference their responses to Paragraphs 1 through 17 as if fully set forth herein.

26.     Defendants admit only that the cited statute exists.   Defendants deny the remaining allegations contained in Paragraph 26 and specifically deny any interpretation of the cited statute.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

In response the unnumbered "WHEREFORE" clause, including subparagraphs A) through E), following Paragraph 29 of the Complaint, Defendants deny that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause from Defendants. Defendants respectfully request that this Court: (a) dismiss the instant Complaint with prejudice as to Defendants; (b) deny the demands and prayer for relief; (c) award Defendants their costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief

as the Court deems just and proper.

**COUNT III – Alleged Wage & Hour and Retaliation Violations Against Alfonso Fernandez**

34.    Defendants reincorporate and reallege by reference their responses to Paragraphs 1 through 17 as if fully set forth herein.[2]

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

In response the unnumbered "WHEREFORE" clause, including subparagraphs A) through D), following Paragraph 38 of the Complaint, Defendants deny that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause from Defendants. Defendants respectfully request that this Court: (a) dismiss the instant Complaint with prejudice as to Defendants; (b) deny the demands and prayer for relief; (c) award Defendants their costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

**Jury Demand**

Defendants deny that any case or controversy exists as it pertains to them so as to entitle Plaintiff to a trial by jury.

WHEREFORE, Defendants respectfully requests entry of judgment in its favor against Plaintiff an award of costs, and such other relief that this Court deems just and equitable.

**STATEMENT OF DEFENSES**

As separate defenses, and without conceding that Defendants bear the burden of proof of

---

[2] Plaintiff's Complaint skips from Paragraph 29 to Paragraph 34.

persuasion as to any of them, Defendants alleges as follows:

1.    Upon information and belief, Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

2.    Defendants assert that Plaintiff's claims are barred in that Plaintiff was compensated for all hours suffered or permitted to work in accordance with the FLSA.

3.    Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within the exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b).

4.    Plaintiff's claims are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207.

5.    To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred.

6.    Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which they were engaged in activities which were preliminary or postliminary to their principal activities.

7.    Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, or specific guidance provided by its District Offices.

8.      Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, and pursuant to specific guidance provided by the Department of Labor, Wage and Hour Division investigators.

9.      Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

10.     Defendants assert that any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA. *See, e.g.*, C.F.R. § 785.19.

11.     To the extent the work performed by the Plaintiff was voluntary in nature and without Defendants' knowledge or authorization, was contrary to express instructions, it does not constitute compensable working time under the FLSA pursuant to 29 C.F.R. § 785.27, *et seq.*

12.     Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex.*

13.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, avoidable consequences, after-acquired evidence, estoppel and or other principles of equity.

14.     Defendant Alfonso Fernandez is not a properly named defendant in this lawsuit because he was not, at any time, Plaintiff's "employer" within the scope of the FLSA.

15.     Any actions undertaken with regard to Plaintiff were taken in good faith and were based on lawful and legitimate, non-retaliatory business reasons.

16.     Plaintiff's claims and/or claims for damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful retaliation, and no decision was, Defendant GC Fridays Florida, LLC would have reached the same decision based on other legitimate, non-retaliatory reasons

Defendants reserve the right to plead other affirmative defenses which become known during the course of discovery in this case.

WHEREFORE, Defendants respectfully requests entry of judgment on their affirmative defenses in their favor against Plaintiff an award of costs, and such other relief that this Court deems just and equitable.

Dated this 2nd day of July 2018.              Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
600 Brickell Avenue, Suite 3500
Miami, FL  33131
Telephone: 305-376-6000
Facsimile:  305-376-6010

By:     */s/ Jorge Zamora, Jr.*
        Jorge Zamora, Jr.
        Florida Bar No.:  0094713
        jzamora@gunster.com
        eroa@gunster.com
        eservice@gunster.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 2nd day of July 2018, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or *pro se* parties identified on the

attached Service List in a manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties

who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

Anthony M. Georges-Pierre
Florida Bar No. 533637
agp@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile : 305-416-5005

/s/ *Jorge Zamora, Jr.*
Jorge Zamora, Jr.

MIA_ACTIVE 4760457.1

9